UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY LONGORDO,<br><br>   Plaintiff,<br><br>v.<br><br>WINDHAM PROFESSIONALS, INC.<br><br>   Defendant. | Case No.<br>Honorable<br><br><br>**COMPLAINT<br>AND JURY DEMAND** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 for claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k. This Court may assert supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 arising out of the same nucleus of operative facts.

2. This action arises out of Defendant's violations of the FDCPA, 15 U.S.C. § 1692 et seq., the Michigan Occupation Code ("MOC"), MCL 339.901 et seq; or alternative to the MOC, for violations under the Michigan Collection Practice Act, ("MCPA") MCL 445.251 et seq.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff, ANTHONY LONGORDO, (hereinafter "Plaintiff") is an adult natural person who resides in the County of Oakland, State of Michigan, and is protected under the FDCPA from harassment, oppression and abuse in connection with the collection of a debt and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, WINDHAM PROFESSIONALS, INC. hereinafter "WINDHAM", is a national debt collection company. According to its website, http://www.windhampros.com/contact-us/ its corporate headquarters are located at 380 Main Street, Salem, New Hampshire 03079.

6. WINDHAM is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. WINDHAM actively collects debts in Michigan and its resident agent is CSC-LAWYERS INCORPORATING SERVICE (COMPANY), 601 Abbot Road, East Lansing, MI 48823.

8. WINDHAM, uses interstate commerce and the mails in business, the principal purpose of which is the collection of debts.

9. WINDHAM regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

10. WINDHAM is a "debt collector" as the term is defined and used in the FDCPA.

11. WINDHAM is a "collection agency" and "licensee" as the terms are defined and used in the MOC.

## FACTUAL ALLEGATIONS

12. Plaintiff incurred a debt through the purchase of consumer goods to wit, a laundry washing machine, with QVC. The subject of the transaction which gave rise to the debt was used for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

13. Plaintiff disputed the debt with the creditor as the merchandise arrived damaged and the creditor refused to fix the laundry washing machine, take it back or reduce the sale price by the amount which it cost to repair it.

14. Based upon information, belief and knowledge, QVC or another creditor consigned, placed or otherwise transferred the debt to WINDHAM, for collection.

15. On or about June 9 2016, WINDHAM commenced collection calls on this account and left artificial and pre-recorded voice messages on a telephone voice mail system belonging to the Plaintiff's in-laws.

16. The messages stated words to the effect that Brian Ross from Windham Professionals Incorporated was calling for Anthony Longordo in an attempt to collect a debt and any information would be used for that purpose and requested a return call to 877-786-0010.

17. Plaintiff's mother-in-law heard the message left by WINDHAM.

18. The recorded message left by WINDHAM on Plaintiff's mother-in-law's telephone voicemail was a "communication" as the term is defined and/or used in the FDCPA and MOC.

19. WINDHAM did not obtain the prior consent of Plaintiff to communicate with Plaintiff's mother-in-law in connection with WINDHAM's efforts to collect the alleged debt.

20. WINDHAM did not obtain the prior consent of Plaintiff to communicate to Plaintiff's mother-in-law that WINDHAM was attempting to collect a debt from Plaintiff.

21. WINDHAM did not obtain the prior consent of Plaintiff to speak with Plaintiff's mother-in-law regarding the alleged debt.

22. A debt collector may not communicate, in connection with the collection of a debt, with any person other than the consumer, except to acquire "location information" about the consumer. 15 U.S.C. § 1692b; 15 U.S.C. § 1692c(b).

23. A debt collector when communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall not state that such

consumer owes any debt. 15 U.S.C. § 1692b(2).

24. WINDHAM communicated to Plaintiff's mother-in-law that WINDHAM was attempting to collect a debt from Plaintiff and thereby violated the FDCPA.

25. The FDCPA states that a debt collector when communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall, "only if expressly requested, identify his employer." 15 U.S.C. § 1692b(1).

26. WINDHAM's message left on Plaintiff's mother-in-law's telephone voice mail disclosed the name of its company, without an express request for such information by Plaintiff's mother-in-law, and thereby violated the FDCPA.

27. Nothing in the law entitled WINDHAM to leave a recorded message for Plaintiff on Plaintiff's mother-in-law's telephone voice mail.

28. WINDHAM violated 15 U.S.C. § 1692c(b) by leaving a recorded message on a voicemail, which communicated to Plaintiff's mother-in-law that WINDHAM was attempting to collect an alleged debt from Plaintiff. *Berg v. Merchants Association Collection Division, Inc.,* 586 F. Supp. 1336 (S.D. Fla. 2008).

29. The effect of WINDHAM's communications to his mother-in-law upset and humiliated Plaintiff.

### *Respondeat Superior* Liability

30. The acts and omissions of Defendant and the individual debt collectors employed as collection agents by WINDHAM, who made the communication described herein, were committed within the time and scope limits of their agency relationship with their principal, Defendant WINDHAM.

31. The acts and omissions by WINDHAM's agents were incidental to, or of the same

general nature as, the responsibilities these agents were authorized to perform by WINDHAM in collecting consumer debts.

32. By committing these acts and omissions against Plaintiff, WINDHAM's agents were motivated to benefit their principal, WINDHAM.

33. WINDHAM is therefore liable to Plaintiff through the Doctrine of *Respondeat Superior* for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, MOC or alternatively MRCPA and general negligence principles, in WINDHAM's attempts to collect these debts from Plaintiff.

## JURY DEMAND

34. Plaintiff is entitled to and have already requested a trial by jury.  US Const. amend. 7. Fed.R.Civ.P. 38.

## COUNT I

## Violations of the Fair Debt Collection Practices Act
## 15 U.S.C. § 1692 et Seq.

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions of WINDHAM constitute violations of the FDCPA including, but not limited to, each and every one of the below cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

   a. § 1692b(1) Acquisition of Location Information.  A debt collector can only communicate with a third party to obtain location information.

   b. § 1692b(2) Contact of Third Party: Stated that the consumer owes any debt.

   c. § 1692c(b) Disclosing debt to third party.

    d.    WINDHAM's foregoing conduct violated 15 U.S.C. §1692c(c) by continuing to attempt to collect a debt with knowledge that the Plaintiff refused to pay the debt.

    e.    § 1692d. Any conduct the natural consequence of which is to harass, oppress, or abuse any person.

    f.    § 1692e Any other false, deceptive, or misleading representation or means in connection with the debt collection.

    g.    § 1692f, any unfair or unconscionable means to collect or attempt to collect the alleged debt.

37.    As a result of WINDHAM's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 each pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II

### Violations of the Michigan Occupational Code

38.    Plaintiff incorporates all of the above paragraphs by reference.

39.    WINDHAM is a "collection agency" as that term is defined in the Michigan Occupation Code ("MOC"), M.C.L. § 339.901(b).

40.    Plaintiff is a consumer as defined by the MOC and a person whom the act was intended to protect. M.C.L. § 339.901(f).

41.    WINDHAM has violated the MOC. WINDHAM's violations of the MOC include, but are not necessarily limited to, the following:

    a.    WINDHAM violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt;

    b.    WINDHAM violated M.C.L. § 339.915(m) by bringing to public notice that the consumer is a debtor;

  c. WINDHAM violated M.C.L. § 339.915(n) by using a harassing, oppressive, or abusive method to collect a debt;

  d. WINDHAM violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee;

  e. WINDHAM's foregoing acts in attempting to collect this debt against Plaintiff constitutes violations of the Michigan Occupation Code;

  f. Defendant violated M.C.L. § 339.918; and

  g. Defendant violated M.C.L. § 339.919.

42. WINDHAM's violations of the Michigan Occupation Code were willful.

43. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

## COUNT III

### Violations of the Michigan Regulation of Collection Practices Act

### (Alternative to Count II)

44. Plaintiff incorporates the preceding allegations by reference.

45. WINDHAM and its employees/agents are "regulated persons" as defined by MCL 445.251(g)(xi) in the Michigan Regulation of Collections Practices Act ("MRCPA") MCL 445.251, et seq.

46. Plaintiff is a person whom the act was intended protect, MCL 445.251(d).

47. WINDHAM's foregoing acts in attempting to collect this debt against Plaintiff constitutes violations of the Michigan Regulation of Collections Practices Act.

48. WINDHAM's violations of the MCPA include, but are not necessarily limited to,

49. the following:

    a.    WINDHAM violated M.C.L. § 445.252(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt;

    b.    WINDHAM violated M.C.L. § 445.252(m) by bringing to public notice that the consumer is a debtor;

    c.    WINDHAM violated M.C.L. § 445.252(n) by using a harassing, oppressive, or abusive method to collect a debt.

    d.    WINDHAM violated M.C.L. § 445.252(q) failing to implement a procedure designed to prevent a violation by an employee.

50. WINDHAM's violations of the Michigan Collections Practices Act were willful.

51. Plaintiff has suffered actual damages as a result of these willful violations of the Michigan Regulation of Collections Practices Act.

## DEMAND FOR JUDGMENT FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant WINDHAM.

## COUNT I

### Violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

## COUNT II

### Violations of the Michigan Occupational Code as Alternative to Claims under the Michigan Regulation of Collection Practices Act

- for an award of actual, treble, punitive and statutory damages from each and every Defendant for the emotional distress suffered as a result of the Michigan Occupation Code violations in an amount to be determined at trial and for Plaintiff; and

- for such other and further relief as may be just and proper.

## COUNT III

### Violations of the Michigan Regulation of Collection Practices Act (as Alternative to Claims under the Michigan Occupational Code)

- for an award of actual, treble, punitive and statutory damages from each and every Defendant for the emotional distress suffered as a result of the Michigan Regulation of Collection Practices Act violations in an amount to be determined at trial and for Plaintiff; and

- for such other and further relief as may be just and proper.

1. *Accordingly, Plaintiff requests that the Court:*

    a. Grant statutory damages.

    b. Grant actual damages.

    c. Grant exemplary damages

    d. Grant damages pursuant to the Michigan Occupation Code ("MOC"), MCL 339.901 et seq; or alternative to the MOC, for violations under the Michigan Regulation of Collection Practices Act, ("MCPA") MCL 445.251 et seq,

    e. Award costs and attorney fees.

Dated: December 20, 2016                              Respectfully submitted,


                                                              REX ANDERSON, PC


                                                              /s/ Rex C. Anderson
                                                              Rex C. Anderson, Attorney for Plaintiff
                                                              9459 Lapeer Rd. Ste. 101
                                                              Davison MI 48423
                                                              (810) 653-3300
                                                              mied@rexandersonpc.com
                                                              (P47068)